UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| LOUISE P. BATSTONE and<br>GRIFFITH R.D. BATSTONE,<br>1003 Covington Way<br>Annapolis, MD. 21401,<br>  Plaintiffs,<br><br>V.<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY,<br>2955 North Meridian St.<br>Indianapolis, IN 46208,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs, Louise P. Batstone and Griffith R. D. Batstone, husband and wife, bring this action against Meridian Security Insurance Company, and as grounds therefor, state:

**Parties**

1. Plaintiffs, Louise P. Batstone and Griffith R.D. Batstone, husband and wife (hereinafter "the Batstones") are the owners of and reside in residential property located at Lot 10/1003 in Anne Arundel County with a property/mailing address of 1003 Covington Way, Annapolis, MD 21401.

2. Defendant, Meridian Security Insurance Company (hereinafter "Meridian") is an Indiana corporation whose principal place of business is in Indianapolis, Indiana.

**Jurisdiction and Venue**

3. This Court has jurisdiction because it is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

4.      Venue is proper in this division of this District because the real property in question is in Anne Arundel County and the subject matter of the action is in Anne Arundel County. 28 U.S.C.A. § 1391(b).

## Facts Common to All Counts

5.      On July 31, 2018, the Batstones bought a new home located at 1003 Covington Way, Annapolis, Maryland 21401 (the "Property").

6.      In connection with the purchase of their new home, the Batstones purchased a Homeowners Insurance Policy. Meridian, by and through its agent, Young Alfred, Inc., issued said policy to the Batstones with an effective date of July 31, 2018 (the "Policy"). A copy of the Policy is attached as Exhibit 1.

7.      The neighboring property, known as 1002 Covington Way, Annapolis, MD 21401 is owned by William Atkins and Nancy Wheeler (hereinafter "the Atkinses").

8.      In February 2019, the Atkinses filed litigation against the Batstones in a case captioned *Atkins v. Mark Five Development, Inc., et. al.* in the Circuit Court for Anne Arundel County, Maryland, Case No. C-02-CV-19-000435 (hereinafter the "Litigation"). The Bastones were served with a civil Complaint naming them as Defendants in the Litigation in February 2019. The Complaint also named as defendants the Developers of the Property, Mark Five Development Inc., and Mark Five Construction, Inc (hereinafter collectively "Mark Five").

9.      The Atkinses filed their Second Amended Complaint, which is the current effective complaint in the Litigation (the "Complaint") on or about May 22, 2019. A copy of the Second Amended Complaint is attached as Exhibit 2.

10.     In the Complaint in the Litigation, the Atkinses aver that the Batstones are responsible for existing and continuing property damage, stating:

Despite any potential failed disclosures by Mark Five, the Batstones still remain responsible for the continuing artificially-modified waters flowing onto the Atkins' property, which has caused and continues to cause erosion and undermining of the Plaintiffs' improvements on their property.

11. The Batstones Meridian Homeowners Insurance Policy, in "Section II – Liability Coverages", provides:

> *If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:*
> 1. *Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and*
> 2. *Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.*

12. The Batstones promptly filed a claim with Meridian and submitted a copy of the Complaint and in a letter dated May 31, 2019, Meridian acknowledged receipt of the claim and the suit papers, and appointed counsel to represent the Batstones.

13. On July 23, 2019, Meridian, through its counsel, Goldberg Segalla, sent a letter to the Batstones informing them that, after having completed its "coverage determination", they would no longer defend the Batstones in the Litigation effective August 6, 2019.

14. Meridian has not defended the Batstones and the Batstones have been required to defend the litigation at their own expenses, incurring legal fees and other costs of defense.

15. Although the Batstones repeatedly demanded that Meridian reinstate its defense, Meridian has failed and refused to do so.

16. In defending the Litigation, the Bastones have incurred attorney's fees, costs, and expenses in excess of $75,000 and, in reasonable probability, will incur further expenses in the future. The Batstones have also incurred attorney's fees in pursuing this action

## COUNT I

## BREACH OF CONTRACT

17. Plaintiffs reallege the facts set forth in paragraphs 1 through 16 above as if fully set forth here, and further state:

18. Meridian entered into a contract with the Batstones in its issuance of a Homeowners Insurance Policy covering the Property.

19. The Batstones have performed all the conditions, covenants, promises, and agreements required of them under the terms of the contract, including but not limited to prompt notice of their Claim under the Policy.

20. Meridian breached this contract by revoking and failing to provide to the Batstones the defense and indemnity required under the Homeowners Insurance contract.

21. Meridian continued to breach this contract in then contuining to deny the Batstones the defense and indemnity required under the Homeowners Insurance contract, after being given multiple opportunities to correct their unlawful denial of coverage.

22. As the direct and proximate result of Meridian's breach, the Batstones have been damaged, *inter alia,* by incurring significant expenses associated with defending themselves in the Litigation, including substantial Attorney's Fees in that Litigation and in bringing this Action.

WHEREFORE, Plaintiffs, Louise P. and Griffith R.D. Batstone, demand an Order requiring Defendants, Meridian, to perform under the Contract and provide the Batstones the

Defense and Indemnity owed to them under their Homeowners Insurance Policy and; an Order requiring Defendants, Meridian, to reimburse the Batstones for the costs and attorneys' fees they have incurred thus far in the Litigation with the Atkinses, and; Such damages and further relief as their cause may require, including attorneys' fees and costs of this action.

## COUNT TWO:

## DECLARATORY JUDGMENT

23. Plaintiffs, Louise P. and Griffith R. D. Batstone, reallege the facts set forth in paragraphs 1 through 22 above as if fully set forth here, and further state:

24. Plaintiffs, the Batstones, are entitled to a declaratory judgment that Defendant, Meridian, owes coverage and a defense against the claims made by the Atkins in the Litigation, which fall within the coverage of the Policy. Plaintiffs request that the Court enter an order requiring the Defendant to assume the defense against the claims by the Atkinses in the Litigation and further requiring Defendant to reimburse Plaintiff for the defense costs incurred thus far.

25. Each of the parties to this suit has or may have a claim or interest which would be affected by a declaration by the Court that Defendant insurance company, Meridian, provide coverage for claims arising out of the facts alleged here and in the Complaint filed by the Atkinses in the Litigation.

26. An actual and justiciable controversy suitable for entry of a declaratory judgment exists concerning the nature and extent of insurance coverage available to indemnify, defend, and respond to the claims of the Atkinses in the Litigation arising out of the facts alleged in that Complaint, attached here as Exhibit 2.

WHEREFORE, Plaintiffs, Louise P. and Griffith R.D. Batstone, demand

(1) The court issue a Declaration that Meridian, Defendant, must provide coverage including indemnity and a defense for any claims alleged by the Atkinses in the Litigation;

(2) That Meridian assume the defense of the Batstones against the claims of the Atkinses in the Litigation;

(3) That Meridian reimburse the Batstones for the defense costs incurred thus far;

(4) That all parties to this suit be bound by that Declaration;

(5) That the costs of this action be taxed against the Defendants; and

(6) That the Court order any other and further relief as the Court deems just and proper.

Respectfully Submitted,

_/S/_____
John T. Brennan
Maryland Federal ID: 15845
The Brennan Law Firm, LLC
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, MD. 21401
Telephone: (410) 266-3970
Facsimile: (410) 721-4284
tbrennan@brennan-law.us

*Attorney for Louise P. Batstone and Griffith R.D. Batstone, Plaintiffs*