# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

LOUIS P. BATSTONE, *et al.*           *

v.                                    *   Civil Action No. CCB-20-1012

MERIDIAN SECURITY INSURANCE COMPANY *
*********

## MEMORANDUM

Now pending is Meridian Security Insurance Company's ("Meridian") motion for permission to appeal to the Fourth Circuit (ECF 30). It has been fully briefed and will be denied for the reasons explained below.

Meridian seeks to appeal the court's March 30, 2021, memorandum and order (ECF 27, 28) finding Meridian had a duty to defend its insured, the Batstones, in a suit brought by their neighbors for trespass and nuisance. The facts of the case are set forth in the earlier memorandum and will not be repeated here. The Batstones oppose this request.

First, Meridian seeks permission to file an interlocutory appeal under 28 U.S.C. 1292(b). Such an appeal is proper when (1) a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 451–52 (D. Md. 2015). But Meridian misstates the "controlling question of law" when it frames that question as "whether a duty to defend may be triggered, in general, by a cause of action based on unpleaded factual allegations contrary to the ones actually pleaded." (ECF 30-1, Mem at 3).

The underlying amended complaint alleges facts supporting the neighbors' claims for both continuing trespass and continuing common law nuisance. While the complaint asserts that both the trespass and the nuisance constitute an "intentional interference," ECF 4-5 at ¶¶ 35, 40, the same facts

would support a finding of trespass and nuisance without a showing of intent[1] The court's opinion in no way relied on "unpleaded factual allegations contrary to the ones actually pleaded." Nor did it suggest there was a duty to defend for a separate unpleaded cause of action. *See Reames v. State Farm Fire and Cas. Ins.*, 683 A.2d 179, 187–88 (Md. Ct. Spec. App. 1996) (where complaint alleged malicious prosecution and abuse of process, facts could not be used to require a defense for assault and battery, which had not been alleged). Accordingly, Meridian has failed to satisfy the first prong of the test. Further, it is not at all clear that an immediate appeal would materially advance the termination of the litigation, given that there remains an underlying state court case which has been set for trial and there is an issue of indemnification partly dependent on the outcome of that case.

Second, in the alternative, Meridian asks the court to certify its ruling as a final judgment under Fed. R. Civ. P. 54(b). This requires finding (1) that the judgment is final and (2) that there is no just cause for delay. *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). But the judgment is not final on the issue of damages.[2] And among the factors to consider when determining whether there is no just cause for delay, first is the relationship between the adjudicated and unadjudicated claims, which here are very closely related. It is also possible that the need for review might be mooted, or at least significantly affected, by future developments in the underlying state court case. Meridian has not shown that the requirements of Rule 54(b) certification have been satisfied.

Accordingly, the motion for permission to appeal will be denied. A separate Order follows.

11/3/21
Date

Catherine C. Blake
United States District Judge

---

[1] The complaint does not use the phrase "with an intent by the Batstones to cause damage" to the neighbors' property as Meridian appears to suggest. (ECF 30-1, Mem. at 2).

[2] The court acknowledges that Meridian has offered to have the amount of attorneys' fees determined, but no agreed-upon amount has been proffered.