## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LOUISE P. BATSTONE, et al.,** | * | |
| *Plaintiffs,* | * | |
| v. | * | **Case No. 1:20-cv-1012-JRR** |
| **MERIDIAN SECURITY INSURANCE COMPANY,** | * | |
| | * | |
| *Defendant.* | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiffs Louise P. Batstone and Griffith R.D. Batstone filed the present action in this court against Defendant Meridian Security Insurance Company alleging breach of contract and seeking declaratory judgment as to Defendant's duty to defend Plaintiffs. (ECF No. 1.) The court previously granted Plaintiffs' motion for partial summary judgment as to their breach of contract claim and entered declaratory judgment in favor of Plaintiffs. (ECF No. 28.) Pending now before the court is Plaintiffs' Motion for Summary Judgment on Liquidated Damages. (ECF No. 56; the "Motion.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted in part and denied in part.

## I.      BACKGROUND

On July 31, 2018, Plaintiffs purchased a property at 1003 Covington Way in Annapolis, Maryland. (ECF No. 1 ¶ 5.) Plaintiffs subsequently purchased a home insurance policy with Defendant that covered the property (the "Policy"). *Id.* ¶ 6. In February 2019, Plaintiffs' neighbors, William Atkins and Nancy Wheeler, filed a lawsuit against, *inter alia*, Plaintiffs in the

Circuit Court for Anne Arundel County, claiming trespass and nuisance by the Plaintiffs (the "Atkins litigation"). *Id.* ¶ 8; *see* ECF No. 1-3.  After Defendant denied Plaintiffs' request to defend them in the Atkins litigation pursuant to the Policy, Plaintiffs filed the instant action.  (ECF No. 1 ¶ 13; ECF No. 56-1 at p. 1.)  On April 20, 2020, Plaintiffs filed the Complaint in this court alleging breach of contract and seeking declaratory judgment that Defendant owed them a duty to defend in the Atkins litigation.  (ECF No. 1.)  Defendant filed a counterclaim seeking declaratory judgment that it had no duty to defend Plaintiffs in the Atkins litigation.  (ECF No. 11 at p. 8.) After the filing of the instant action, the law firm of Plaintiffs' former counsel, the Brennan Law Firm, also filed suit against Plaintiffs in the Circuit Court for Anne Arundel County to recover unpaid attorneys' fees (the "Brennan litigation").  (ECF No. 56-13; ECF No. 62-1 at 2.)

This court previously granted Plaintiffs' motion for partial summary judgment as to Plaintiffs' breach of contract claim and ordered that Defendant had a duty to defend Plaintiffs in the Atkins litigation.  (ECF Nos. 27, 28.)  Plaintiffs now move this court for summary judgment on liquidated damages, seeking to recover the following damages: (1) undisputed attorneys' fees and expenses in the amount of $146,856.46; (2) prejudgment interest from the date Defendant denied coverage in the amount of $35,245.55; (3) indemnification for unpaid attorneys' fees and expenses to the Brennan Law Firm in the amount of  $11,813.59; and (4) indemnification for any additional attorneys' fees and expenses owed to their current attorneys.  (ECF No. 56 ¶ 1.) Defendant opposes the Motion in two respects, arguing: (1) Plaintiffs are only entitled to prejudgment interest as it accrued (*i.e.,* by invoice date); and (2) Plaintiffs are not entitled to damages for charges they deemed illegitimate (*i.e.,* those challenged fees at issue in the Brennan litigation).  (ECF No. 62-1 at p. 1, 5.)

## II.    <u>LEGAL STANDARD</u>

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.   When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.   *Id.* at 249.   Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  If the moving party demonstrates "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmoving party to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).   "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Id.* (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).  "In other words, a factual dispute is genuine only where 'the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find' in its favor." *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988).

In undertaking this inquiry, the court considers the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).

## III.   ANALYSIS

Plaintiffs seek summary judgment on the following "liquidated damages": (1) undisputed attorneys' fees and expenses; (2) prejudgment interest; (3) indemnification for unpaid attorneys' fees and expenses due to the Brennan Law Firm; and (4) indemnification for "any additional attorneys['] fees and expense" paid to Plaintiffs' current lawyers to defend the Atkins litigation and "to litigate this matter as part of this Motion, during an appeal, or subsequent to an appeal." (ECF No. 56 at p. 1.)   In its response, Defendant generally requests the court deny the Motion wholesale, (ECF No. 62 at p. 1), but restricts its substantive response to Plaintiffs' arguments for prejudgment interest and indemnification for the unpaid attorneys' fees and expenses due the Brennan Law Firm.  (ECF No. 62-1 at p. 3-5.)

### A.  Undisputed Attorneys' Fees

Plaintiffs and Defendant have filed a joint stipulation that the "undisputed amount of attorneys' fees and expenses sought by the [Plaintiffs] in this matter totals $146,856.46."  (ECF No. 55.)  Because the parties agree and stipulate that this amount is correct, and Defendant offers no argument in opposition (ECF No. 62-1 at p. 1), there is no genuine dispute of material fact as

to Plaintiffs' claim for the undisputed attorneys' fees and expenses; the court will therefore grant summary judgment for same.

### B.  Prejudgment Interest

Defendant does not appear to challenge that Plaintiffs are entitled to prejudgment interest, asserting instead that Plaintiffs miscalculated the prejudgment interest in their Motion.  (ECF No. 62-1 at p. 1.)  Under Maryland law, the legal rate of prejudgment interest is six percent (6%) *per annum*.  MD. CONST. ART. III, § 57.  The "purpose of awarding pre-judgment interest . . . is to compensate the aggrieved party for the loss of the use of the principal liquidated sum found due it and the loss of income from such funds." *Harford County v. Saks Fifth Ave. Distrib. Co.*, 399 Md. 73, 95 (2007).  On prejudgment interest, the Maryland Supreme Court provides:

> [P]rejudgment interest compensates the judgment creditor for his or her inability to use the funds that should have been in his or her hands at some earlier time and usually does not depend on what the debtor might have done with the money.
>
> Prejudgment interest falls into one of two distinct categories—that which is discretionary and that which is awarded as of right. This Court has continually recognized the general rule that a party's entitlement to prejudgment interest is an issue for the finder of fact and accordingly left to the discretion of the jury, or the Court when sitting as a jury.  However, there are well-established exceptions to this general rule . . . .
>
> Prejudgment interest is available as a matter of right when the obligation to pay and the amount due is certain, definite, and liquidated by a specific date prior to judgment such that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.  This exception arises . . . in cases where the money claimed has actually been used by the other party.

*Nationwide Prop. & Cas. Ins. Co. v. Selective Way Ins. Co.*, 473 Md. 178, 189–90 (2021) (citations omitted).  Accordingly, a party is entitled to prejudgment interest as a matter of right where the obligation to pay and the amount due are "certain, definite, and liquidated by a specific date prior to judgment."  *Id.* at 193 (citation omitted).  *See also Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 312 (4th Cir. 2020) (holding that "[p]rejudgment interest *must* be granted where the obligation to pay and the amount due were certain, definite, and liquidated by a specific date prior to judgment." (citations omitted)).

This court's reasoning in *Charter Oak Fire Company v. American Capital, Ltd* is instructive.  *Charter Oak Fire Co. v. Am. Cap. Ltd.*, No. CV DKC 09-0100, 2017 WL 3315306, at *30–31 (D. Md. Aug. 3, 2017), *aff'd sub nom.* 760 F. App'x 224 (4th Cir. 2019).  The dispute in *Charter Oak Fire Company* concerned whether the plaintiffs/counter-defendants (the insurer) breached the duty to defend the defendants/counter-plaintiffs (the insured) in underlying lawsuits related to heparin.  *Id.* at *1. The court concluded that the insurer breached its duty to defend the insured and awarded prejudgment interest: "Defendants are entitled to prejudgment interest as a matter of right. The court has found that Plaintiffs had an obligation to fund the defense of the Defendants in the heparin litigation, and the costs of that defense were calculable, and thus fixed and ascertainable, as of the dates of the underlying invoices."  *Id.* at *1, *31 (citations omitted). Unlike claims for unliquidated damages, where the amount "has not been fixed by agreement or cannot be exactly determined by the application of rules of arithmetic or of law," the plaintiffs' defense costs could be exactly determined.  *Id.* (quoting *Baltimore County. v. Balt. Cnty. Fraternal Order of Police, Lodge No. 4*, 220 Md. App. 596, 664 (2014)).

Here, the court previously granted Plaintiffs' motion for partial summary judgment as to their breach of contract claim and determined that Defendant had a duty to defend Plaintiffs in the

Atkins litigation.  (ECF No. 28.)  The parties also stipulated to the total amount of attorneys' fees and expenses sought in this matter.  (ECF No. 55.)  The obligation to pay is thus definite and the amount due is "certain, definite, and liquidated" prior to the court's order herein.  *See Parkway 1046, LLC*, 961 F.3d at 312, *supra*.  In light of the above, as well as Defendant's apparent concession that Plaintiffs are entitled to prejudgment interest, the court concludes that Plaintiffs are entitled to prejudgment interest as a matter of right on the undisputed attorneys' fees and expenses.

The parties' dispute regarding prejudgment interest concerns how prejudgment interest should be calculated.  Plaintiffs assert that they are entitled to prejudgment interest as it has accrued from the date of Defendant's initial refusal to defend the Plaintiffs' claim.  (ECF No. 56-1 at p. 3.) In contrast, Defendants assert that prejudgment interest should be calculated from the date of each attorney invoice, meaning the date each payment became due. (ECF No. 62-1 at p. 4-5.)

Defendant references case law from this Circuit and this court holding that prejudgment interest is calculated based on the date payments became due.  (ECF No. 62-1 at 4.)  In cases where the obligation to pay and the amount due are certain, definite, and liquidated by a specific date prior to judgment, "prejudgment interest accrues from the date where *the obligation to pay* and the amount due were both certain."  *Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 311–12 (4th Cir. 2020) (emphasis in original) (citations omitted).  This court has previously calculated prejudgment interest by using the invoice dates for the underlying attorneys' fees.  *Beulah Baptist Church of Deanwood Heights v. GuideOne Mut. Ins. Co.*, No. CV 17-342 PJM, 2020 WL 7352540, at *4 n.3 (D. Md. Dec. 15, 2020); *Charter Oak Fire Co.*, 2017 WL 3315306, at *30–31.

The court therefore concludes that the prejudgment interest amount to which Plaintiffs are entitled is calculated according to when the invoices were issued (and payment was thus due), as

opposed to from the date of Defendant's original denial of Plaintiffs' claim.  Considering the

exhibits provided by Plaintiffs, the court calculates the prejudgment interest as follows:[1]

| Invoice Date | Invoice Number | Undisputed Amount | Days Passed | Prejudgment Interest |
|---|---|---|---|---|
| 8/19/2019 | N/A | $3,333.33 | 1641 | $899.18 |
| 10/16/2019 | 20994 | $8,592.00 | 1583 | $2,235.80 |
| 12/6/2019 | 21027 | $3,675.00 | 1532 | $925.50 |
| 1/20/2020 | 1501 | $12,272.27 | 1487 | $2,999.81 |
| 2/19/2020 | 1554 | $17,262.61 | 1457 | $4,134.51 |
| 3/19/2020 | 1594 | $15,288.63 | 1428 | $3,588.85 |
| 4/7/2020 | 1648 | $4,625.52 | 1409 | $1,071.35 |
| 5/31/2020 | 1739 | $5,956.40 | 1355 | $1,326.73 |
| 5/31/2020 | 1740 | $3,560.00 | 1355 | $792.95 |
| 6/23/2020 | 1761 | $80.00 | 1332 | $17.52 |
| 6/23/2020 | 1758 | $1,329.33 | 1332 | $291.07 |
| 7/1/2020 | 1803 | $7,987.95 | 1324 | $1,738.53 |
| 5/21/2021 | 2308 | $40.00 | 1000 | $6.58 |
| 6/30/2021 | 1902 | $5,880.00 | 960 | $927.91 |
| 6/30/2021 | 1904 | $10,850.00 | 960 | $1,712.22 |
| 5/4/2022 | 10 | $5,915.00 | 652 | $633.96 |
| 5/6/2022 | 14 | $1,365.00 | 650 | $145.85 |
| 6/24/2022 | 19399 | $2,550.00 | 601 | $251.93 |
| 11/10/2022 | 91 | $1,890.00 | 462 | $143.54 |
| 11/10/2022 | 93 | $12,624.00 | 462 | $958.73 |
| 3/30/2023 | 121 | $5,460.00 | 322 | $289.01 |
| 3/31/2023 | 126 | $12,901.96 | 321 | $680.80 |
| 7/26/2023 | 141 | $3,409.46 | 204 | $114.33 |
| **PREJUDGMENT INTEREST TOTAL** | | | | $25,886.66 |

---

[1] The court is cognizant that Plaintiffs attached the calculation and invoices to its reply brief.  *See Jennings v. Frostburg State Univ.*, No. CV ELH-21-656, 2023 WL 4567976, at *12 (D. Md. June 27, 2023) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."  (citations omitted)).  The court considers the reply exhibits for multiple reasons: (1) Plaintiffs do not assert new arguments but instead offer a calculation of the invoices (with an accompanying declaration) responding to Defendant's argument, *cf. EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.* 778 F.3d 463 (4th Cir. 2015) (declining to permit leave to file a surreply because the "new" evidence raised in the reply brief was "more correctly characterized as responsive arguments to the claims raised in the [the plaintiff's] opposition brief"); (2) the court's decision aligns with Defendant's stated position; (3)  Plaintiffs included a declaration testifying to the calculations submitted therein (ECF No. 65-1); and (4) though it had no obligation to do so, Defendant did seek leave to file a surreply to respond to Plaintiffs' reply.

The total amount of prejudgment interest is $25,886.66[2] calculated as follows: first, multiplying the undisputed monetary amount of each invoice by six percent (6%), the agreed-upon rate, totaling the amount of prejudgment interest per year; second, dividing the prejudgment interest per year by 365 to quantify the amount of prejudgment interest per day; and third, multiplying the prejudgment interest per day by the number of days that have lapsed between the invoice date and the date of this court's order.  *See Almilaji v. JS Int'l Inc.*, No. GJH-18-2435, 2021 WL 4951915, at *5 n.10 (D. Md. Oct. 25, 2021) (detailing calculation of prejudgment interest).  Because the court concludes that Plaintiffs are entitled to prejudgment interest as a matter of right, and the prejudgment interest is calculable and a sum certain, there is no genuine dispute of material fact and the court grants summary judgment for Plaintiffs on the prejudgment interest, according to the amended total reflected herein.

### C. Indemnification for Unpaid Attorneys' Fees and Expenses to The Brennan Law Firm and Future Attorneys' Fees and Expenses

Plaintiffs also seek indemnification for unpaid attorneys' fees and expenses to the Brennan Law Firm and future attorneys' fees and expenses that may arise in the present action.  (ECF No. 56 at p. 1.)  It is not clear to this court how indemnification constitutes "liquidated damages" pursuant to Plaintiffs' Motion.  Indeed, this court's prior memorandum opinion and order (ECF Nos. 27, 28) already granted Plaintiffs' motion for partial summary judgment and declared that Defendant owed Plaintiffs a duty to defend on their claim concerning the Atkins litigation.

Indemnification for future potential costs is not a quantifiable debt or sum certain – rather, such costs are a contingency that may or may not come to bear.  *See Bennett v. Ashcraft & Gerel, LLP*, 259 Md. App. 403, 461–62, 303 A.3d 1237, 1271 (2023), *reconsideration denied* (Nov. 30,

---

[2] The court's calculation is based on review of Plaintiffs' calculation (ECF No. 65-2) and the attorneys' fee invoices. (ECF No. 65-3.)  The court made minor changes based on apparent clerical errors in Plaintiffs' calculation.

2023), *cert. denied,* No. 250, SEPT. TERM, 2023, 2023 WL 9197628 (Md. Dec. 20, 2023) (explaining that "[a] debt or amount is 'liquidated' if it is settled or determined, especially by agreement." (citations omitted)); *see also Charter Oak Fire Co.*, 2017 WL 3315306, at *31 (providing that "[a]n unliquidated claim is one, the amount of which has not been fixed by agreement or cannot be exactly determined by the application of rules of arithmetic or of law." (citations omitted)).

Inherent in Plaintiffs' request for indemnification is that any monetary damages at issue are uncertain, and, in the case of future litigation costs, not quantifiable until and unless incurred. Simply reaffirming this court's previous order that Defendant is liable for breach of contract and owes Plaintiffs a duty to defend would be redundant of its prior memorandum opinion and order, which remain in full force and effect. Accordingly, the court will deny Plaintiffs' Motion as to indemnification. Plaintiffs may elect to seek an award of attorneys' fees or move to amend judgment if entitlement to such relief matures in the future.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 56) will be GRANTED IN PART AND DENIED IN PART.

/S/

February 14, 2024

_____
Julie R. Rubin
United States District Judge